UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS M. ORTIZ,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BAUGHMAN,<br><br>    Respondent. | No. 2: 19-cv-00862 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 2012 conviction and sentence challenged in this case. The previous application was filed on March 30, 2016, and was denied on the merits on March 20, 2018. See

---

[1] Petitioner originally filed this action in the United States District Court for the Eastern District of Texas, which transferred the action to this court on May 10, 2019, because petitioner was convicted in the Eastern District of California. (ECF No. 5.)

Ortiz v. Baughman, Case No. 2:16-cv-0659 KJM CKD P (E.D. Cal.). Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.[2] In other words, petitioner must obtain authorization from the Ninth Circuit <u>before</u> he can re-file a petition for writ of habeas corpus attacking the 2012 conviction.

On June 7, 2019, petitioner filed a letter with the court, docketed as a motion for emergency change of venue. (ECF No. 10.) In this letter, petitioner alleges that justice cannot be obtained in the Eastern District of California. After reviewing petitioner's letter, the undersigned finds no grounds to transfer this action to a different district.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this case;

3. Petitioner's motion for an emergency change of venue (ECF No. 10) is denied; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may

---

[2] Petitioner filed two other actions in this court challenging his 2012 conviction, i.e., 18-cv-1563 MCE DB P (E.D. Cal.), and 19-cv-407 MCE KJN P (E.D. Cal.). Both 18-1563 and 19-407 were dismissed as unauthorized successive petitions. <u>See</u> 18-cv-1563 (ECF No. 33); 19-cv-407 (ECF No. 14).

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ort862.156

3